[Civ. No. 44535. Second Dist., Div. Four. Mar. 24, 1975.]

INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA, Plaintiff and Respondent, v. THOMAS G. GARRETT, Defendant and Appellant.

■■■■■■■■■

**COUNSEL**

Castellanos & O'Neill and Francis J. O'Neill for Defendant and Appellant.

Chris S. Rellas for Plaintiff and Respondent.

**OPINION**

**DUNN, J.**—Plaintiff filed an action against defendant for declaratory relief, after defendant had made a demand for arbitration of an uninsured motorist accident. Following a nonjury trial, judgment was entered for plaintiff and defendant appeals.

It appears that defendant filed an application with Latin American Insurance Agency for insurance under California's assigned risk plan. He paid the premium demanded by this producer; an employee of the producer told him that he was covered, beginning September 13, 1972. Plaintiff contended that its policy did not become effective until September 23, 1972, i.e., after defendant's accident of September 16, 1972.

The facts are not in dispute, consisting of documents received in evidence by stipulation together with a stipulation that, if an employee of plaintiff took the witness stand, he would testify that no insurance is solicited by plaintiff, other than assigned risk insurance, except through employed sales agents; plaintiff pays a "commission" to the producer of an "assigned risk" policy; and a stipulation that, if defendant took the witness stand, he would testify that on September 13, 1972, he talked with a Mr. Lopez of Latin American Insurance Agency,[1] paid him $242 by way of premium, and was told by Mr. Lopez that "he was covered by insurance from that point onward effective that date."

The court found, among other things, that plaintiff issued to defendant its policy No. H 1634357 which became effective September 23, 1972; that the "producer of record" was not acting as plaintiff's agent in

---

[1] There is an unresolved but unimportant issue here, since plaintiff's Exh. 2, shows the producer to be "Caldwell Insurance Agency" of Whittier, California.

■■■■■

making any "binder" agreement on September 13, 1972; and that plaintiff's policy did not cover the accident of September 16, 1972. Judgment was entered holding that no coverage existed for the accident in question.

Defendant first contends on appeal that certain California Administrative Code provisions, adopted by the Insurance Commissioner pursuant to Insurance Code section 11620 et seq., are void. Insurance Code section 11620 provides, in part, that the Insurance Commissioner shall approve of or issue a reasonable plan by which applicants for automobile liability insurance, "who are in good faith entitled to but are unable to procure such insurance through ordinary methods," may procure an assigned risk policy. Insurance Code section 11623 provides, in pertinent part, "To carry out the purpose of this article, the subscribing insurers may form their own organization which shall, subject to review by the Insurance Commissioner, administer and operate the plan," and Insurance Code section 11624 provides, in pertinent part: "Such plan shall contain: . . . (b) Procedures for making application for insurance, for apportionment of eligible applicants among the subscribing insurers and for appeal to the commissioner . . . (d) Rules and regulations governing the administration and operation of the plan . . . (f) Such other provisions as may be necessary to carry out the purpose of this article."

Pursuant to the foregoing sections of the Insurance Code, the commissioner approved a variety of rules. California Administrative Code, title 10, section 2444 (misnumbered 244 in appellant's opening brief) reads as follows: "Upon receipt of an application . . . the manager shall designate an insurer and assign the risk to such insurer and notify the applicant and the producer of record. Such notice shall state the date when the coverage shall become effective, which date shall be at 12:01 A.M. on the day following the date of mailing to the designated insurer of such notice. . . ."

■ Defendant contends the time provision in these administrative rules is void, as being beyond the scope of the rule-making authority of the commissioner contained in Insurance Code section 11624. He argues that, after the passage of Insurance Code section 11620 et seq., the Legislature added Insurance Code section 460, reading in pertinent part: "On and after January 1, 1972, every . . . policy . . . shall state an inception hour for coverage of 12:01 a.m. of the date upon which it is to

be dated. . . ." Defendant argues that the Legislature thus indicated that it, alone, had authority to specify any time and this legislation, enacted after adoption of the rules, nullified the rules regarding time, since it is "contra to previous published rules."

Defendant cites no authority for his argument and we disagree with it. First, Insurance Code section 11624, subdivisions (b), (d) and (f) clearly authorize the adoption of the rule complained of here. Second, the later-enacted Insurance Code section 460 does not establish a rule of time *contrary* to that established by the rules. Third, we are not satisfied that section 2444, even if its time element were unlawful, thus renders the entire rule void. Fourth, the policy itself (Plaintiff's Exh. 3) states that it runs from 12:01 a.m. September 23, 1972, to September 23, 1973. Nothing in the record before us indicates the policy was issued pursuant only to the rule, rather than the statute, and, in any event, the time stated in the policy complies with the time requirement of either.

■ Defendant's second contention is that the statement of the producer's agent created a "binder," effective as to plaintiff on September 13, 1972. Defendant argues that insurance companies may issue "oral binders" through agents who have authority to bind the company by contracts of insurance generally, (*Granco Steel, Inc.* v. *Workmen's Comp. App. Bd.* (1968) 68 Cal.2d 191, 197 [65 Cal.Rptr. 287, 436 P.2d 287]) and that, even though Latin American Insurance Agency evidently could issue policies on several companies, it did, when it selected plaintiff, comply with all that the cases require. As stated in *Granco Steel, Inc., supra,* 68 Cal.2d at page 198: "As with all contracts of insurance, it is necessary that the identity of the insurer be established if liability is to be predicated upon an alleged oral binder. 'Some difficulty on the score of the identity of the insurer exists where, as is often the case, an agent represents more than one insurance company. The element of identity is satisfied where the agent, being authorized to do so, *designates* the company which is to carry the risk.' . . . [¶] It is clear that 'designation' does not imply a meeting of the minds of the insured, the agent, and the insurer. 'When the agent represents several companies and selects certain [or one] of them to be bound by the risk, he is contracting for undisclosed principals. Each of the companies he represents has intrusted him with the agency, and must be held to have given him authority as such agent to select it as the one to bear the risk. Such authority springs inevitably from his authority to make insurance contracts. The insured cannot be

permitted to suffer because the agent fails to disclose at the time of making the contract which of several principals he binds.' [Citations.] It is also clear, however, that if the agent fails to specifically designate an insurer . . . the binder is ineffective. [Citations.]"

In our case, it was not the agent but the manager of the Assigned Risk Plan who designated the company. The Administrative Code (tit. 10, § 2444) so states, pursuant to authority granted by Insurance Code section 11620. The assigned risk article of the Insurance Code is applicable to plaintiff, for Insurance Code section 11627 reads: "In this article, 'insurer' includes . . . interinsurance exchanges." The rule set forth in *Granco Steel, Inc., supra*, 68 Cal.2d, does not apply here, except the last sentence quoted.

■ Last, defendant argues that, although Latin American Insurance Agency is not shown by the evidence to be plaintiff's agent, plaintiff did, nevertheless, clothe the agency with the trappings of an ostensible agency (Civ. Code, § 2300); therefore, the statement of an employee of the agency that defendant "was covered" bound the plaintiff. We do not accept this argument, for Latin American Insurance Agency's employee did not say that *plaintiff* was bound, nor did he, nor could he, designate an insurance carrier which participated in the Assigned Risk Plan. Accordingly, while Latin American Insurance Agency might have been shown, under certain evidence, to possess "ostensible agency" to bind plaintiff, it is not shown to have had such ostensible agency here, or to have exercised it.

The judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 22, 1975.